J. PATRICK McCARTHY
Attorney at Law, #41920
901 H Street, Suite 304
Sacramento, CA   95814
(916) 442-1932

Attorney for Mortgagee/Lienholder
First Life, LLC (Tri Dung Hoang)

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

\* \* \* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>REAL PROPERTY LOCATED<br>7960 TIERRA GLEN WAY, SACRAMENTO<br>CALIFORNIA, SACRAMENTO COUNTY,<br>APN: 043-0255-024-0000, INCLUDING ALL<br>APPURTENANCES AND IMPROVEMENTS<br>THERETO,<br><br>Defendants. | No.  2:18-CV-00831-KJM-CKD<br><br>**CLAIM OF MORTGAGEE /<br>LIENHOLDER FIRST LIFE, LLC<br>(TRI DUNG HOANG)<br>OPPOSING FORFEITURE** |

COMES NOW Claimant, Tri Dung Hoang on behalf of Mortgagee / Lienholder First Life, LLC, and for the reasons set forth herein, claims an interest in the following described property:

Real Property located at 7960 Tierra Glen Way, Sacramento California
APN: 043-0255-024-0000  (the "Property")

1. On or about June 5, 2017, Chunguan Ni executed and delivered to First Life, LLC ("Claimant"), a promissory note ("the Note") in the principal amount of One Hundred Thirty Thousand Dollars ($130,000.00).  A copy of the Note is attached hereto

as Exhibit A.  Payment provisions are contained in the Note.

2.  The Note was and is secured by a Deed of Trust dated June 5, 2017, recorded on June 9, 2017, as Document #201706090490 of Official Records of Sacramento County, California.  A copy of the Deed of Trust is attached as Exhibit B.

3.  As of this date, the principal due and owing under the Note is ($130,000.00) and the interest is due and payable on the first day of each month.

4.  Pursuant to the terms of the Note / Deed of Trust, fire insurance must be maintained on the property.

5.  The circumstances under which Mortgagee/Lienholder acquired its interest are as follows:  Prior to February 21, 2017, Anna Nguyen of Help You Own Real Estate (Cal DRE#: 01251152) offered to Claimant the opportunity to provide short-term financing to the purchaser of the Property.  Because of his prior history with Anna Nguyen, and because of his history in successfully investing in other swing loans, Claimant accepted the loan.

6.  Pursuant to Title 18, United States Code §18 U.S.C. § 983(d)(2) or (3), Claimant is an innocent owner by virtue of the fact that at the time he accepted the loan, he was totally unaware of any ongoing illegal activity which might have given rise to forfeiture, nor did he become aware of or have reason to believe that any such illegal activity was occurring until he was notified by mail that forfeiture action had been initiated against the property.  Claimant, a licensed medical doctor, is totally opposed to the use of marijuana, medical or otherwise, and would not tolerate the cultivation of marijuana in or around any of the properties in which he has any interest.

WHEREFORE, the Claimant Tri Dung Hoang, on behalf of Mortgagee/Lienholder First Life, LLC, requests relief in this action in the form of payment of the amounts due on its promissory note and deed of trust described herein.

Dated: May 21, 2018

FIRST LIFE, LLC, Claimant
By TRI DUNG HOANG

# VERIFICATION

I, Tri Dung Hoang, am the Managing Member of First Life, LLC, and I am authorized to make this declaration on its behalf. I have read the foregoing **Claim of Mortgagee / Lienholder Opposing Forfeiture** and know the contents thereof to be true of my own knowledge, except as to those matters which are stated on information and belief, and as to those matters, I believe them to be true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed at Sacramento, California on May 27, 2018.

FIRST LIFE, LLC, Claimant
By TRI DUNG HOANG

**DO NOT DESTROY THIS NOTE:**
When paid, this Note and the Deed of Trust securing same, must be surrendered to Trustee or
cancellation and retention before reconveyance of the Deed of Trust will be made

# INSTALLMENT NOTE
# (INTEREST ONLY PAYMENTS)

**$130,000.00**

For value received, all of the undersigned (collectively referred to as "Maker"), jointly and severally promise to pay to First Life LLC ("Holder"), at 9846 Novara Way, Elk Grove, Ca 95757 or as directed otherwise in writing by Holder, the principal sum of One Hundred Thrity Thousand Dollars ($130,000.00), with interest from the _____ day of June, 2017 on the amounts of principal remaining from time to time unpaid, until said principal sum is paid in full, at the rate to Ten percent (10%) per annum, payable in monthly installments equal to interest only or more on the __1st__ day of each and every month, beginning on the 1st day of August, 2017, and continuing until the __30th__ day of August, 2018 at which time the entire unpaid principal and any accrued interest is all due and payable in full.

If the Maker shall sell, convey or alienate the property as described in the Dee d of Trust (defined below), or any part thereof, or any interest therein, or shall be divested of her title or any interest therein in any manner or way whether voluntarily or involuntarily, without the written consent of the Holders being first had and obtained, Holders shall have the right, at its option, except as prohibited by law, to declare any indebtedness or obligations secured hereby, irrespective of the maturity date specified in any Note evidencing the same, immediately due and payable.

\*\*\* There is a late charge of 10% of the payment amount after 10th days, make a full prepayment without paying a Prepayment charge.

If this note is secured by real property consisting of one to four residential dwelling units, and is for a term of more than one year and includes a balloon payment provision, the following statement applies:

This note is subject to Section 2966 of the Civil Code, which provides that the Holder of this note shall give written notice to the trustor, or his successor in interest, of prescribed information a least 90 and not more than 150 days before any balloon payment is due.

All payments under this Note shall be made in lawful money of the United States of America. Payments shall be credited first against any costs or expenses due under this Note, then to accrued interest, and finally to principal. The principal amount of this Note may be prepaid, in whole or in part, at any time without penalty (unless a separate prepayment penalty provision is specifically included in the Note, which terms shall override this statement), in which event, interest shall cease to accrue on the portion of the principal so prepaid. Should any amount under this Note not be paid when due, then all remaining principal and accrued interest shall become immediately due and payable at the option of Holders. In no event shall the interest rate charged under this Note exceed the maximum rate permitted under applicable law.

Continued on page 2
Page 1
INSTALLMENT NOTE SECURED BY DEED OF TRUST

**Exhibit A**

Verified Claim of Mortgagee/Lienholder, # 2:18-CV-00831-KJM-CKD
Claimant First Life, LLC, Tri Dung Hoang

# INSTALLMENT NOTE
# (INTEREST ONLY PAYMENTS)

$130,000.00

Should suit on this Note or foreclosure of the Deed of Trust (defined below) be commenced, Maker agrees to pay the costs of foreclosure and such additional sums a a court may adjudge reasonable as attorney's fees in any suit.

This note shall be construed in accordance with the laws of the State of California. Any alteration, change or modification of or to this Note, in order to become effective, shall be made by written instrument executed by both Maker and Holder.

THIS IS A LEGAL DOCUMENT. PLEASE READ IT CAREFULLY.
IT IS RECOMMENDED THAT YOU CONSULT YOUR LEGAL COUNSEL
BEFORE EXECUTING OR ACCEPTING THIS DOCUMENT.

"Maker"

*[signature]*

Chunguan Ni

SS # 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

Mortgage payment instructions:

1. $1,083.33   payable to  First Life LLC

Mail to :  First Life LLC

9846 Novara Way

Elk Grove, Ca 95757

Lender:

_____

First Life LLC

Date:

RECORDING REQUESTED BY:
First American Title Company

AND WHEN RECORDED MAIL DOCUMENT TO:
First Life, LLC
9846 Novara Way
Elk Grove, CA 95757

Sacramento County
Donna Allred, Clerk/Recorder
Doc # 201706090490
6/9/2017   9:49:06 AM
JDH
Titles  2
Pages   5

Fees    $42.00
Taxes   $0.00
PCOR    $0.00
Paid    $42.00

Space Above This Line for Recorder's Use Only

A.P.N.: 043-0255-024                              File No.: 3421-5465251 (LK)

# DEED OF TRUST WITH ASSIGNMENT OF RENTS
## (LONG FORM)

THIS DEED OF TRUST, made this 6/5/2017, between

TRUSTOR: **Chunguan Ni, an unmarried man**

whose address is **7960 Tierra Glen Way, Sacramento, CA 95828,**

TRUSTEE: **First American Title Insurance Company, a Nebraska Corporation**

and BENEFICIARY: **First Life, LLC**

WITNESSETH: That Trustor irrevocably grants to Trustee in trust, with power of sale, that property in the City of Sacramento, County of Sacramento, State of California, described as:

**LOT 84, AS SHOWN ON THE "PLAT OF SOUTH COUNTRY" IN THE CITY OF SACRAMENTO, COUNTY OF SACRAMENTO, STATE OF CALIFORNIA, RECORDED IN BOOK 125 OF MAPS, MAP NO. 2, RECORDS OF SAID COUNTY.**

**EXCEPTING THEREFROM; ALL OIL, OIL RIGHTS, NATURAL GAS RIGHTS, MINERAL RIGHTS, ALL OTHER HYDROCARBON SUBSTANCES BY WHATSOEVER NAME KNOWN, AND ALL WATER, CLAIMS OR RIGHTS TO WATER, TOGETHER WITH APPURTENANT RIGHTS THERETO, WITHOUT, HOWEVER, ANY RIGHT TO ENTER UPON THE SURFACE OF SAID LAND NOR ANY PORTION OF THE SUBSURFACE LYING ABOVE A DEPTH OF 500 FEET, AS EXCEPTED OR RESERVED BY DEED RECORDED MAY 25, 1979 IN BOOK 79-05-25 PAGE 981 OFFICIAL RECORDS.**

together with rents, issues and profits thereof, subject, however, to the right, power and authority hereinafter given to and conferred upon Beneficiary to collect and apply such rents, issues and profits for the purpose of securing (1) payment of the sum of $**130,000.00**, with interest thereon according to the terms of a promissory note or notes of even date herewith made by Trustor, payable to order of Beneficiary, and extensions or renewals thereof, (2) the performance of each agreement of Trustor incorporated by reference or contained herein and (3) payment of additional sums and interest thereon which may hereafter be loaned to Trustor, or his successors or assigns, when evidenced by a promissory note or notes reciting that they are secured by this Deed of Trust.

A. To protect the security of this Deed of Trust, Trustor agrees:

(Continued on Page 2)

**Exhibit B**

1) To keep said property in good condition and repair, not to remove or demolish any building thereon; to complete or restore promptly and in good and workmanlike manner any building which may be constructed, damaged or destroyed thereon and to pay when due all claims for labor performed and materials furnished therefore, to comply with all laws affecting said property or requiring any alterations or improvements to be made thereon, not to commit or permit waste thereof; not to commit, suffer or permit any act upon said property in violation of law; to cultivate, irrigate, fertilize, fumigate, prune and do all other acts which from the character or use of said property may be reasonably necessary, the specific enumerations herein not excluding the general.

2) To provide, maintain and deliver to Beneficiary fire insurance satisfactory to and with loss payable to Beneficiary. The amount collected under any fire or other insurance policy may be applied by Beneficiary upon indebtedness secured hereby and in such order as Beneficiary may determine, or at option of Beneficiary the entire amount so collected or any part thereof may be released to Trustor. Such application or release shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice.

3) To appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee; and to pay all costs and expenses, including cost of evidence of title and attorney's fees in a reasonable sum, in any such action or proceeding in which Beneficiary or Trustee may appear, and in any suit brought by Beneficiary to foreclose this Deed.

4) To pay, at least ten days before delinquency all taxes and assessments affecting said property, including assessments on appurtenant water stock; when due, all encumbrances, charges and liens, with interest, on said property or any part thereof, which appear to be prior or superior hereto; all cost, fees and expenses of this Trust.

Should Trustor fail to make any payment or to do any act as herein provided, then Beneficiary or Trustee, but without obligation so to do and without notice to or demand upon Trustor and without releasing Trustor from any obligation hereof, may: make or do the same in such manner and to such extent as either may deem necessary to protect the security hereof, Beneficiary or Trustee being authorized to enter upon said property for such purposes; appear in and defend any action purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee; pay, purchase, contest or compromise any encumbrance, charge or lien which in the judgment of either appears to be prior or superior hereto; and, in exercising any such powers, pay necessary expenses, employ counsel and pay his reasonable fees.

5) To pay immediately and without demand all sums so expended by Beneficiary or Trustee, with interest from date of expenditure at the amount allowed by law in effect at the date hereof, and to pay for any statement provided for by law in effect at the date hereof regarding the obligation secured hereby any amount demanded by the Beneficiary not to exceed the maximum allowed by law at the time when said statement is demanded.

B. It is mutually agreed:

1) That any award in connection with any condemnation for public use of or injury to said property or any part thereof is hereby assigned and shall be paid to Beneficiary who may apply or release such moneys received by him in the same manner and with the same effect as above provided for disposition of proceeds of fire or other insurance.

2) That by accepting payment of any sum secured hereby after its due date, Beneficiary does not waive his right either to require payment when due of all other sums so secured or to declare default for failure so to pay.

3) That at any time or from time to time, without liability therefore and without notice, upon written request of Beneficiary and presentation of this Deed and said note for endorsement, and without affecting the

(Continued on Page 3)

personal liability of any person for payment of the indebtedness secured hereby, Trustee may: reconvey any part of said property; consent to the making of any map or plat thereof; join in granting any easements thereon, or join in any extension agreement or any agreement subordinating the lien or charge hereof.

4) That upon written request of Beneficiary stating that all sums secured hereby have been paid, and upon surrender of this Deed and said note to Trustee for cancellation and retention or other disposition as Trustee in its sole discretion may choose and upon payment of its fees, Trustee shall reconvey, without warranty, the property then held hereunder. The recitals in such reconveyance of any matters or facts shall be conclusive proof of the truthfulness thereof. The Grantee in such reconveyance may be described as "the person or persons legally entitled thereto".

5) That as additional security, Trustor hereby gives to and confers upon Beneficiary the right, power and authority, during the continuance of these Trusts, to collect the rents, issues and profits of said property, reserving unto Trustor the right, prior to any default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, to collect and retain such rents, issues and profits as they become due and payable. Upon any such default, Beneficiary may at any time without notice, either in person, by agent, or by a receiver to be appointed by a court, and without regard to the adequacy of any security for the indebtedness hereby secured, enter upon and take possession of said property or any part thereof, in his own name sue for or otherwise collect such rents, issues, and profits, including those past due and unpaid, and apply the same, less costs and expenses of operation and collection, including reasonable attorney's fees, upon any indebtedness secured hereby, and in such order as Beneficiary may determine. The entering upon and taking possession of said property, the collecting of such rents, issues and profits and the application thereof as aforesaid, shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice.

6) That upon default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, Beneficiary may declare all sums secured hereby immediately due and payable by delivery to Trustee of written declaration of default and demand for sale and of written notice of default and of election to cause to be sold said property, which notice shall cause to be filed for record. Beneficiary also shall deposit with Trustee this Deed, said note and all documents evidencing expenditures secured hereby.

After the lapse of such time as may then be required by law following the recordation of said notice of default, and notice of said having been given as then required by law, Trustee, without demand on Trustor, shall sell said property at the time and place fixed by it in said notice of sale, either as a whole or in separate parcels, and in such order as it may determine, at public auction to the highest bidder for case in lawful money of the United States, payable at time of sale. Trustee may postpone sale of all or any portion of said property by public announcement at such time and place of sale, and from time to time thereafter may postpone such sale by public announcement at the time fixed by the preceding postponement. Trustee shall deliver to such purchaser its deed conveying the property so sold, but without any covenant or warranty, express or implied. The recitals in such deed of any matters or facts shall be conclusive proof of the truthfulness thereof. Any person, including Trustor, Trustee, or Beneficiary as hereinafter defined, may purchase at such sale.

After deducting all costs, fees and expenses of trustee and of this Trust, including costs of evidence of title in connection with sale, Trustee shall apply to proceeds of sale to payment of: all sums expended under the terms hereof, not then repaid, with accrued interest at the amount allowed by law in effect at the date hereof; all other sums then secured hereby; and the remainder, if any, to the person or persons legally entitled thereto.

7) Beneficiary, or any successor in ownership of any indebtedness secured hereby, may from time to time, by instrument in writing, substitute a successor or successors to any Trustee named herein or acting hereunder, which instrument, executed by the Beneficiary and duly acknowledged and recorded in the office of the recorder of the county or counties where said property is situated shall be conclusive proof

(Continued on Page 4)

of proper substitution of such successor Trustee or Trustees, who shall, without conveyance from the Trustee predecessor, succeed to all its title, estate, rights, powers and duties. Said instrument must contain the name of the original Trustor, Trustee and Beneficiary hereunder, the book and page where this Deed is recorded and the name and address of the new Trustee.

8) That this Deed applies to, inures to the benefit of, and binds all parties hereto, their heirs, legatees, devisees, administrators, executors, successors and assigns. The term Beneficiary shall mean the owner and holder, including pledgees, of the note secured hereby, whether or not named as Beneficiary herein. In this Deed, whenever the context so requires the masculine gender includes the feminine and/or neuter, and the singular number includes the plural.

9) That Trustee accepts this Trust when this Deed, duly executed and acknowledged, is made a public record as provided by law. Trustee is not obligated to notify any party hereto of pending sale under any other Deed of Trust or of any action or proceeding in which Trustor, Beneficiary or Trustee shall be a party unless brought by Trustee.

10) Trustor requests that copies of the notice of default and notice of sale be sent to Trustor's address as shown above.

Beneficiary requests that copies of notices of foreclosure from the holder of any lien which has priority over this Deed of Trust be sent to Beneficiary's address, as set forth on page one of this Deed of Trust, as provided by Section 2924(b) of the California Civil Code.

If the Trustor shall sell, convey or alienate said property, or any part thereof, or any interest therein, or shall be divested of his title or any interest therein in any manner or way, whether voluntarily or involuntarily, without the written consent of the Beneficiary being first had and obtained, Beneficiary shall have the right, at its option, except as prohibited by law, to declare any indebtedness or obligations secured hereby, irrespective of the maturity date specified in any Note evidencing the same, immediately due and payable.

_____
Chunguan Ni

(Continued on Page 5)

> A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

STATE OF  California            )SS

COUNTY OF  Sacramento            )

On  June 5, 2017            before me,  Dahlia Bao            , Notary Public, personally appeared  Chunquan Ni                                                        who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature  _____

> DAHLIA BAO
> COMM. # 2185852
> NOTARY PUBLIC • CALIFORNIA
> SACRAMENTO COUNTY
> Comm. Exp. MARCH 7, 2021
>
> This area for official notarial seal.

(Continued on Page 6)