J. PATRICK McCARTHY
Attorney at Law, #41920
901 H Street, Suite 304
Sacramento, CA   95814
(916) 442-1932

Attorney for Mortgagee/Lienholder
First Life, LLC (Tri Dung Hoang)

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

\* \* \* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>             Plaintiff,<br><br>vs.<br><br>REAL PROPERTY LOCATED<br>7960 TIERRA GLEN WAY, SACRAMENTO<br>CALIFORNIA, SACRAMENTO COUNTY,<br>APN: 043-0255-024-0000, INCLUDING ALL<br>APPURTENANCES AND IMPROVEMENTS<br>THERETO,<br><br>             Defendants. | No. 2:18-CV-00831-KJM-CKD<br><br>**VERIFIED ANSWER TO COMPLAINT FOR FORFEITURE *IN REM*** and **DEMAND FOR JURY TRIAL** |

Claimant Tri Dung Hoang, on behalf of Mortgagee / Lienholder First Life, LLC, by and through attorney, J. Patrick McCarthy, respectfully represents the following by way of Answer to Complaint for Forfeiture *In Rem*:

1. Claimant admits this is a civil action *in rem* to forfeit to the United States of America real properties in paragraph 1 and denies or lacks knowledge or information sufficient to form a belief about the truth of the rest of the paragraph.

2. Claimant admits that real property is located at 7960 Tierra Glen Way and is situated in the City of Sacramento, County of Sacramento;  Claimant, however, denies

that this Court has jurisdiction over this action in order to preserve all appropriate defenses.

3. Claimant admits that real property is located in the City of Sacramento, County of Sacramento; however, Claimant denies that this district is proper venue for this action in order to preserve all appropriate defenses.

4. Claimant has a bona fide and perfected security interest in the defendant real property set forth in subparagraph (f) at 7960 Tierra Glen Way, Sacramento, California ("Property"); Claimant is the current holder of a promissory note in the original principal amount of $130,000.00 executed by Chunguan Ni secured by a first priority Deed of Trust encumbering the Property; Claimant does not have sufficient knowledge at this time to verify the accuracy of other defendant real properties' legal descriptions.

5. Claimant is presently without sufficient knowledge, information or belief upon which to respond, and, on that basis, denies each and every, all and singular, allegations contained in paragraphs 5-10.

6. Claimant is presently without sufficient knowledge, information or belief upon which to respond, and, on that basis, denies each and every, all and singular, allegations contained in paragraphs 11-13.

7. Claimant is presently without sufficient knowledge, information or belief upon which to respond, and, on that basis, denies each and every, all and singular, allegations contained in paragraphs 14-17.

8. Claimant is presently without sufficient knowledge, information or belief upon which to respond, and, on that basis, denies each and every, all and singular, allegations contained in paragraphs 18-20.

9. Claimant is presently without sufficient knowledge, information or belief upon which to respond, and, on that basis, denies each and every, all and singular, allegations contained in paragraphs 21-26.

10. Answering paragraph 27, Claimant repeats and incorporates each and every response set forth in paragraphs 1 through 9 above.

11. Claimant denies the allegations in paragraphs 28 and 29.

12. Answering paragraph 30, Claimant repeats and incorporates each and every response set forth in paragraphs 1 through 9 above.

13. Claimant is presently without sufficient knowledge, information or belief upon which to respond, and, on that basis, denies each and every, all and singular, allegations contained in paragraphs 31-33.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff failed to state facts sufficient to constitute a cause of action against Claimant.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff failed to state a claim for which relief can be granted against Claimant's bona fide and perfected security interest in defendant Property.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff failed to state facts sufficient to state a cause of action against Claimant's bona fide and perfected security interest in defendant Property.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff lacks probable cause for belief that a substantial connection exists between the property sought to be forfeited and the commission of any act, legal or illegal, which would establish just cause for such a forfeiture.

### FIFTH AFFIRMATIVE DEFENSE

Claimant was not, and is not, the agent of defendant real Property, nor any of the record title owners of the Property, nor any of the other persons alleged to be involved in the acts or conduct which Plaintiff asserts provide authority to have the Property be forfeited to the United States, and, therefore, Claimant cannot be held responsible for the conduct of such other persons. Claimant does not challenge the forfeiture of the Property, so long as Claimant's bona fide and perfected security interest in it is acknowledged, allowed, retained and ultimately paid in full, with all interest and penalties, in the event such real property is sold by the United States. Claimant has already timely filed a claim, documenting its bona fide and perfected security interest in defendant Property.

### SIXTH AFFIRMATIVE DEFENSE

Without waiving any defenses, Claimant asserts that the Defendant property is not subject to forfeiture on the basis that any act or omission, if any, on the part of any other individual that would potentially give rise to forfeiture of the Defendant property, was committed or omitted without the knowledge or consent of the Claimant.

### SEVENTH AFFIRMATIVE DEFENSE

Claimant's interest in the real property is not subject to forfeiture, under 18 U.S.C. §983(d), because Claimant did not know, or have reason to know, of the conduct giving rise to the forfeiture of the property.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff cannot obtain the forfeiture judgment it seeks because the result would be constitutionally disproportionate and a violation of the Excessive Fines Clause of the Eighth Amendment of the U.S. Constitution.

**RESERVATION OF RIGHTS**

Claimant reserves the right to assert additional affirmative defenses or amend these affirmative defenses as discovery warrants.

Claimant reserves the right to supplement and amend this Answer as necessary as matters develop through discovery or certain facts, circumstances regarding the Plaintiff's Complaint For Forfeiture *In Rem* and specifically reserves his/her right to file any applicable counterclaims.

Please take notice that Claimant demands trial by jury of the issues and defenses raised by his/her claim and answer.

**RELIEF**

WHEREFORE, the Claimant respectfully prays that the Court will:

a. Dismiss the Plaintiff / Government's Complaint and enter judgment on behalf of Claimant;

      b. Award injunctive relief to Claimant prohibiting further actions against Claimant's property by Plaintiff / Government and to affirmatively require Plaintiff / Government to remove any and all encumbrances on Claimant's property;

      c. Deny issuance of certificate of probable cause pursuant to 28 U.S.C. §2465 should Plaintiff / Government seek seizure and to award costs and attorney fees to Claimant pursuant to the same;

      d. Provide Claimant with demand for trial by jury on any issues so triable;

      e. Provide such relief as the Court deems proper and just.

Dated:  June 27, 2018               Respectfully submitted,

                                            J. PATRICK McCARTHY,
                                            Attorney for Claimant FIRST LIFE, LLC

## VERIFICATION

I, Tri Dung Hoang, am the Managing Member of First Life, LLC, and I am authorized to make this declaration on its behalf.  I have read the foregoing **Answer to Complaint for Forfeiture** and know the contents thereof to be true of my own knowledge, except as to those matters which are stated on information and belief, and as to those matters, I believe them to be true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Executed at Sacramento, California on June 27, 2018.

                                            FIRST LIFE, LLC, Claimant
                                            By TRI DUNG HOANG

# PROOF OF SERVICE

I am a citizen of the United States and a resident of the County of Sacramento. I am over the age of eighteen years and not a party to this action; my business address is 901 H Street, Suite 304, Sacramento, CA   95814.

On the date below, I served a copy of the following document(s):

**VERIFIED ANSWER TO COMPLAINT FOR FORFEITURE
*IN REM* and DEMAND FOR JURY TRIAL**

on the person(s) listed below as follows:

__x__   BY ELECTRONICALLY FILING the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies all parties.

Kevin Khasigian, AUSA
United States Attorney's Office
501 I Street, Suite 10-100
Sacramento, CA   95814

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on July 2, 2018, at Sacramento, California.



ELIZABETH ELLIOTT

---

Verified Answer to Complaint, #2:18-CV-00831-KJM-CKD
Claimant First Life, LLC